# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01731-REB-NYW

DR. LENA CHANG, an individual,

      Plaintiff,

v.

VAIL RESORTS, INC., a Delaware corporation,
ROCKRESORTS INTERNATIONAL, LLC, a Delaware corporation,
GREAT HOUSE LIMITED, a Cayman Islands company, and
HALF MOON BAY LIMITED, a Jamaica company,

      Defendants.

_____

# ORDER
_____

Magistrate Judge Nina Y. Wang

This matter is before the court on the Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss Amended Complaint") [#51], which was filed by Defendants Vail Resorts, Inc. and RockResorts International, LLC on November 23, 2015. The Motion to Dismiss Amended Complaint was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated September 4, 2015 [#22], and the memorandum dated November 23, 2015 [#52].

Plaintiff filed an Amended Complaint November 5, 2015, without first seeking leave of court and without express consent of Defendants. [#48]. Rule 15(a)(2)(B) provides that a party may amend a pleading once, as a matter of course within:

    "(A)  21 days of serving it; or

(B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or* 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier*." Fed. R. Civ. P. 15(a)(1) (emphasis added).

The Amended Complaint does not appear to be timely filed as a matter of right under Rule 15(a)(1)(B) because it was filed more than 21 days after the filing of the original Complaint on August 11, 2015; and more than 21 days after Vail Resorts and RockResorts moved for dismissal [#16, September 3, 2015], Defendant Half Moon Bay Limited moved for dismissal on [#19, September 3, 2015], and Defendant Great House Limited moved for dismissal [#19, September 10, 2015]. Fed. R. Civ. P. 15(a)(1)(B); *Reiskin v. Regional Transp. District*, No. 14-cv-03111-REB-KLM, 2015 WL 738636, *1 (D. Colo. Feb. 19, 2015).  In addition, it does not appear, based on Vail Resorts and RockResorts' Motion to Dismiss Amended Complaint, that the Amended Complaint was filed pursuant to Rule 15(a)(2) with written consent of the opposing parties. Fed. R. Civ. P. 15(a)(2).  Nevertheless, none of the Defendants has objected to the filing or has moved to strike the Amended Complaint.  Therefore, in accordance with the direction of Rule 1 that the court must implement the Federal Rules and this proceeding in a "just, speedy, and inexpensive" manner, this court will accept and deem the Amended Complaint as filed on November 5, 2015.

To avoid any ambiguity as to whether Plaintiff must respond to the currently pending Motion to Dismiss Amended Complaint given the other motions pending in this matter, **IT IS ORDERED** that:

(1)  Any response to the Motion to Dismiss Amended Complaint **IS DUE** no later than December 14, 2015; and

3

(2) Any reply to the Motion to Dismiss Amended Complaint **IS DUE** no later than fourteen (14) days after the filing of a Response by Plaintiff.

DATED: December 1, 2015                    BY THE COURT:

                                                                    s/ Nina Y. Wang
                                                                    Nina Y. Wang
                                                                    United States Magistrate Judge