**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01731-REB-NYW

DR. LENA CHANG, an individual,

    Plaintiff,

v.

VAIL RESORTS, INC., a Delaware corporation,
ROCKRESORTS INTERNATIONAL, LLC, a Delaware corporation,
GREAT HOUSE LIMITED, a Cayman Islands company, and
HALF MOON BAY LIMITED, a Jamaica company,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#59],[1] filed February 12, 2016; and (2) **Plaintiff's Objections to Recommendation of United States Magistrate Judge [ECF No. 59]** [#61], filed February 26, 2016. I overrule the objections, adopt the recommendation, and grant the apposite motions to dismiss for failure to state a claim on which relief may be granted and on the basis of *forum non conveniens*.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. The recommendation is

---

[1] "[#59]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

exquisitely detailed and exceptionally well-reasoned.  So thoroughly has the magistrate judge considered and analyzed the issues raised by and inherent to the motions that any extended exegesis on my part would be little more than a festooned reiteration of her excellent work.

Plaintiff's objections share the same shortcomings found in her complaint.  Her arguments do little more than pile attenuated inferences atop insupportable conjectures in an unavailing effort to cast the allegations of her complaint as adequate to state a plausible claim of tortious interference against the Vail defendants.  The magistrate judge's conclusion that those allegations were conclusory and inadequate did not subject plaintiff to a "heightened pleading standard," as plaintiff argues, but correctly interpreted the relevant precedents that expatiate plaintiff's burden to substantiate the allegations of her complaint with averments of fact, as opposed to mere legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Plaintiff's effort to cast the magistrate judge's analysis of the pleading deficiencies of her complaint as improper fact finding appears to demonstrate a profound misunderstanding of the relevant legal standards that pertain.

Plaintiff's objections to the recommendation to grant the motion of defendants Great House Limited and Half Moon Bay Limited to dismiss on *forum non conveniens* grounds is premised largely on her mistaken impression that her claim against the Vail

defendants is not properly dismissed. Given my agreement with the magistrate judge's recommendation otherwise, I likewise concur with her analysis of the threshold inquiries that govern resolution of the *forum non conveniens* motion. **See Gschwind v. Cessna Aircraft Co.**, 161 F.3d 602, 605 (10th Cir. 1998), **cert. denied**, 119 S.Ct. 1755 (1999). As for the objections to the analysis of the private and public interest factors that must be considered once these threshold matters are found to weigh in favor of a *forum non conveniens* dismissal, plaintiff relies on little more than unsubstantiated supposition and impermissible inference to contravene the magistrate judge's well-supported conclusion that these considerations weigh heavily in favor of dismissal on *forum non conveniens* grounds. Again, I am in complete agreement with the magistrate judge's cogent analysis of these relevant standards and concomitant recommendation to dismiss these claims.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#59], filed February 12, 2016, is approved and adopted as an order of this court;

2. That the objections stated in **Plaintiff's Objections to Recommendation of United States Magistrate Judge [ECF No. 59]** [#61], filed February 26, 2016, are overruled;

3. That **Defendants Half Moon Bay Limited and Great House Limited's Motion To Dismiss Pursuant to the Doctrine of *Forum Non Conveniens*** [#29], filed September 14, 2015, is granted;

3

4. That defendants Vail Resorts, Inc., and RockResorts International, LLC's **Motion To Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#51], filed November 23, 2015, is granted;

5. That plaintiff's claims are dismissed without prejudice as follows:

   a. As against defendants, Vail Resorts, Inc., a Delaware corporation, and RockResorts International, LLC, a Delaware corporation, for failure to state a claim on which relief may be granted; and

   b. As against defendants, Great House Limited, a Cayman Islands company, and Half Moon Bay Limited, a Jamaican company, on the basis of *forum non conveniens*;

6. That the following motions are denied as moot:

   a. Plaintiff's **Motion for Preliminary Injunction** [#2], filed August 11, 2015;

   b. Defendants Vail Resorts, Inc., and RockResorts International, LLC's **Motion To Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#16], filed September 3, 2015;

   c. **Defendant Half Moon Bay Limited's Motion To Dismiss** [#19], filed September 3, 2015; and

   d. **Defendant Great House Limited's Motion To Dismiss** [#25], filed September 10, 2015;

7. That judgment without prejudice shall enter in favor of defendants, Vail Resorts, Inc., a Delaware corporation; RockResorts International, LLC, a Delaware corporation; Great House Limited, a Cayman Islands company; and Half Moon Bay

Limited, a Jamaican company, and against plaintiff, Dr. Lena Chang, as to all claims for relief asserted herein; and

    8. That this case is closed.

Dated March 15, 2016, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Robert E. Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge